UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,       )
                            Plaintiff,       )
                                        )       No. 1:12-cv-189
-v-       )
                                        )       HONORABLE PAUL L. MALONEY
DINA DOMINIQUE,       )
                          Defendant.       )
_____)

## ORDER OF REMAND

This matter comes before the Court on a Notice of Removal ("Second Notice.")  This is the second time Defendant Dina Dominique ("Defendant") has attempted to remove her criminal prosecution from a Michigan state court.  *See Michigan v. Dominique*, No. 1:10-cv-1199 (W.D. Mich. Dec. 6, 2010) (First Notice).  Defendant was arrested for making a false report of a felony. (Felony Complaint PgID 18.)  The criminal action was commenced against Defendant in the District Court for Ingham County, Michigan on August 24, 2010.  (Second Notice PgID 1.)  The action was bound over to the circuit court.  (*Id.*)  Generally, Defendant asserts various federal rights have been violated throughout her criminal prosecution.

Defendant bears the burden of showing that removal is proper.  *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) ("As with any removal statute, the defendant has the burden of establishing that removal is proper.").  Initially, the removal may not be timely.  The federal removal statute allows a defendant in a criminal action in state court to file the notice of removal

> not later than thirty days after the arraignment in State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1446(c)(1); *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993).  Defendant was arraigned

more than thirty days before this Notice was filed.  In this Notice, Defendant contends that her state criminal prosecution is scheduled to begin on March 1, 2012.  (Second Notice PgID 1.)  The Second Notice of Removal was  filed on March 1, 2012, at 9:46 a.m.  It is not clear from the Second Notice that it was filed "before trial," as required by § 1446(c)(1).  Defendant has neither alleged nor established good cause for this Court to grant leave to file a late notice.

In addition, Defendant has not established that the grounds for removal occurred after her first attempt to remove her criminal prosecution.  The removal statute does provide grounds for filing a second notice of removal in criminal prosecutions.

> A notice of removal of a criminal prosecution shall include all grounds for such removal.  A failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice.  For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

28 U.S.C. § 1446(c)(2).  In this Second Notice, Defendant generally complains that her court-appointed counsel, all three of them, have performed ineffectively and, therefore, her substantive and procedural rights have been violated.  Defendant, however, has not identified when counsel, or counsels, failed to conduct themselves effectively. The timing of the alleged ineffective conduct is critical, as Defendant can only rely on conduct by her attorney or attorneys that occurred after her First Notice of Removal.  For example, in this Second Notice, Defendant complains about things that occurred at the preliminary examination.  (Second Notice  PgID 2.)  The preliminary examination occurred on October 21, 2010, months before the First Notice was filed.  (Preliminary Exam Trans. PgID 19-55.)  Defendant has neither alleged nor established good cause for this Court to grant relief from the limitations in § 1446(c)(2).

Even if the Second Notice was timely filed and established proper grounds for removal,

Defendant has not established that this Court has jurisdiction over the criminal prosecution.  In the prior action, this Court remanded the criminal prosecution because Defendant could not establish that this Court has jurisdiction over her state criminal proceedings.  *Michigan v. Dominique*, No. 1:10-cv-1199 (W.D. Mich. Dec. 8, 2010) (order of remand).  In that order, this Court outlined the basis, under 28 U.S.C. § 1443(1), for removing a criminal action in state court.  *Id.* 2-4.  The situation has not changed.  Defendant is being prosecuted for filing a false report.  Michigan's decision to prosecute Defendant under that statute does not necessarily conflict with any federal civil rights statute stated in terms of racial equality.

In an attempt to overcome this problem, Defendant argues, through an attached civil complaint (Compl. PgID 4-15), that the State of Michigan's indigent defense program is so inadequate as to deny her access to effective counsel.  Defendant's creative new twist in this Second Notice suffers two problems that she cannot overcome.  First, this issue could have been raised in the First Notice, but was not. Under § 1446(c)(2), the issue has been waived.  Second, Defendant has not established a deficient indigent defense program would necessarily violate a federal law providing for specific civil rights stated in terms of racial equality.  *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Conrad*, 871 F.2d at 614-15.  Rather, a deficient indigent defense program might implicate the federal civil rights of *any* indigent individual being prosecuted by the State for *any* felony.  Such a claim does not fall under § 1443(1).  *See City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966).

For these reasons, Defendant's removal of this action was improper.   The action is

**REMANDED** to the Circuit Court of Ingham County, Michigan.  **IT IS SO ORDERED.**


Date:__March 8, 2012__                                    __/s/ Paul L. Maloney_____
                                                          Paul L. Maloney
                                                          Chief United States District Judge

4